**CV 12  4249**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**BRODIE, J.**

------------------------------------------------------------ x

KRIS ARROYO,

                      Plaintiff,

    -against-

Sergeant Jose Baez, Shield No. 2864; Police Officer Vlad Green, Shield No. 23075; Police Officer Hector Torres, Shield No. 1787; and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Kris Arroyo ("plaintiff" or "Mr. Arroyo") is a resident of Kings County in the City and State of New York.

7. Defendant Sergeant Jose Baez, Shield No. 2864 ("Baez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Baez is sued in his individual and official capacities.

8. Defendant Police Officer Vlad Green, Shield No. 2307 ("Green"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Green is sued in his individual and official capacities.

9. Defendant Police Officer Hector Torres, Shield No. 1787 ("Torres"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Torres is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 4:00 a.m. on July 7, 2011, plaintiff was lawfully in the vicinity of 895 McDonald Avenue in Brooklyn, New York.

14. After celebrating a friend's birthday at a local establishment, plaintiff was going home.

15. As plaintiff was walking down the sidewalk, defendant officers jumped out of a vehicle and drew their guns toward him.

16. Defendants screamed at plaintiff to get on the ground.

17. Plaintiff stopped walking and asked officers why he was being stopped.

18. Defendants swarmed plaintiff, tackled him to the ground and began to repeatedly punch and kick him.

19. Defendant officers kicked and struck plaintiff in his head and neck area.

20. Plaintiff was handcuffed while he lay on the ground.

21. Defendants continued to brutalize plaintiff.

22. Plaintiff was picked up off the ground by his handcuffs and thrown into a police vehicle.

23. Plaintiff was taken to a police precinct where he was kept in a basement for hours while he remained handcuffed.

24. Defendant officers interrogated plaintiff at length, never removing his handcuffs.

25. Plaintiff, who had begun bleeding in his eye, repeatedly asked to be taken to a hospital for his injuries, but was denied any treatment.

26. After several hours, plaintiff was finally taken upstairs inside the precinct and EMS was contacted.

27. Plaintiff was taken to Maimonides Medical Center for treatment.

28. While at Maimonides, the medical staff were unable to x-ray plaintiff's ribs because the officers refused to remove the handcuffs.

29. Plaintiff was taken back to the precinct and then transported to Brooklyn Central Booking.

30. At Central Booking, plaintiff again requested medical attention because of the severe pain he felt and difficulty breathing.

31. Plaintiff was taken to Long Island College Hospital for treatment.

32. Once again, the medical staff was unable to examine plaintiff as the officers refused to remove his handcuffs.

33. Plaintiff was taken back to Central Booking.

34. The officers falsely informed employees of the Kings County District

Attorney's Office that they had observed plaintiff in possession of a weapon, littering, engaged in disorderly conduct and resisting arrest.

35. The officers had not observed plaintiff engaged in unlawful activity or conduct.

36. After spending approximately two and a half days in custody, plaintiff was released.

37. Plaintiff was forced to appear in criminal court around 9 different times to defend the mendacious charges levied against him until the criminal charges were adjourned in contemplation of dismissal on June 25, 2012.

38. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury and anxiety.

## FIRST CLAIM
### Unlawful Stop and Search

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Deliberate Indifference to Medical Needs

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

50. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure to Intervene

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The individual defendants issued legal process to place Plaintiff under arrest.

58. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

59. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   August 23, 2012
         New York, New York

_____
Robert Marinelli, Esq.
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*